UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ALTON R. SIMPSON, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV-96-S-3064-NE
 )
SUPERIOR METAL PRODUCTS, INC., )
d/b/a CULLMAN PRODUCTS, )
CULLMAN PRODUCTS )
CORPORATION, and AMERICAN )
TRIM, L.L.C., d/b/a CULLMAN )
PRODUCTS, )
 )
    Defendant. )
 )

FILED
97 SEP 30 PM 3:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 3 0 1997

## MEMORANDUM OPINION

This action is before the court on consideration of plaintiff's motions to compel, defendants' motion to compel, defendants' motion to reconsider, and the parties' joint motion to extend discovery deadlines. The parties resolved the issues raised in plaintiff's motions to compel prior to the court's ruling. Those motions are therefore MOOT. Upon consideration of the remaining motions, briefs, and exhibits, and following oral argument of counsel, this court finds the motions are due to be DENIED in part, and GRANTED in part.

### I. DEFENDANTS' MOTION TO COMPEL

Defendants move to compel production of notes allegedly taken by plaintiff during his term of employment with the defendant which relate to problems at work. Plaintiff disclosed in his deposition that he kept notes of some conversations and incidents which occurred at work and are related to his disability. Some of these

51

notes were clearly made before he contacted an attorney and, thus, are not protected by the work product doctrine. During oral argument on this motion, plaintiff's counsel asserted that a review of those notes revealed nothing relevant to this case. Nevertheless, counsel agreed to have the plaintiff produce all such notes made by him prior to the date he consulted counsel. Accordingly, defendants' motion to compel is due to be DENIED, without prejudice to renew if the circumstances so require.

## II.  DEFENDANTS' MOTION TO RECONSIDER

This court, by order entered August 29, 1997, granted plaintiff's motion to exclude defendants' report of disclosure of expert witnesses based on defendants' failure to comply with Rule 26(a)(2)(B)[1] and orders of this court. Defendants' did not file a response with the court. The court construed its order as barring defendants' use of the testimony of any of the persons identified in the order.[2] Defendants move this court to reconsider its prior ruling excluding such witnesses.[3] The court finds that, given the unusually long, and apparently unpredictable, delays caused by the

---

[1] Federal Rule of Civil Procedure 26(a)(2)(B) states, in relevant part: "[T]his disclosure [of expert witnesses] shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case..., be accompanied by a written report prepared and signed by the witness." (Emphasis supplied.)

[2] Those identified in the order were: Dr. Michael Hammer, Dr. Donald Garcia, Dr. Charles E. Ford, Ms. Patsy Bramlett, Dr. Mary House Kessler, Ms. Teresa Bockman, Ms. Pat Newberry (Gina French), Dr. Gordon J. Kirschbert, and Dr. Rodney Swillie.

[3] During oral argument on this motion, counsel for defendants represented to the court that defendants' now seek to utilize the services of only one of the previously excluded experts: Ms. Patsy Bramlett. The court's previous order excluding the other witnesses, therefore, is undisturbed by today's decision.

2

plaintiff's poor health, and their effect on completion of defendants' expert reports, the motion to reconsider is due to be GRANTED.

Defendants' counsel represents that Ms. Patsy Bramlett will help the defendants assess the work restrictions, if any, which are appropriate given the plaintiff's claimed disability. Counsel reports that Ms. Bramlett has been unable to prepare an appropriate report until she could review plaintiff's deposition, which was only completed on September 26, 1997. Accordingly, upon reconsideration, the court finds that, as to Ms. Patsy Bramlett only, the defendants should be permitted additional time in which to have her prepare and file a report pursuant to Rule 26(a)(2)(B).

### III. JOINT MOTION TO EXTEND DISCOVERY CUT-OFF AND DEADLINE FOR DISPOSITIVE MOTIONS

Both parties move this court to extend discovery and dispositive motion deadlines for the second time.[4] Since the court's previous order extending those deadlines, counsel for both parties have engaged in needless haggling which has unnecessarily extended discovery. Nevertheless, the court recognizes that the plaintiff's poor health has caused his deposition to take much longer than expected, and that this delay has had a domino effect on all other discovery.[5] Accordingly, the court finds that the

---

[1] At the time of the first extension, the plaintiff was recovering from surgery which had rendered him unable to sit for his deposition, confer with counsel, or otherwise assist in discovery. See Plaintiff's Motion for Extension of Time, filed July 7, 1997.

[5] Plaintiff's deposition was begun on July 29, 1997. It has continued in fits and starts since that time, and was finally completed on September 26, 1997.

3

joint motion to extend discovery and dispositive motion deadlines is due to be GRANTED.

## IV.  CONCLUSION

For the foregoing reasons, the court concludes the pending motions are due to be **DENIED** in part and **GRANTED** in part.  A revised scheduling order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 30th day of September, 1997.

_____
United States District Judge

4