UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ALTON R. SIMPSON, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-96-S-3064-NE
)
SUPERIOR METAL PRODUCTS, INC., )
d/b/a CULLMAN PRODUCTS, )
CULLMAN PRODUCTS )
CORPORATION, and AMERICAN )
TRIM, L.L.C., d/b/a CULLMAN )
PRODUCTS, )
)
    Defendants. )
)

FILED
97 DEC 24 AM 10:04
[illegible stamp]

ENTERED
DEC 24 1997

MEMORANDUM OPINION

This action is before the court on consideration of plaintiff's motion to exclude the testimony of Patsy Bramlett and plaintiff's motion to quash and for protective order. Pursuant to this court's order of December 12, 1997, those matters were set for hearing before this court on December 29, 1997 at 1:30 p.m. On December 22, 1997, defendants filed a motion to reschedule the hearing due to prior holiday travel plans of counsel. Upon review of the motions, briefs, and this court's previous orders, the court finds that it would not be aided by oral argument. <u>Accordingly, the subject motions are removed from the December 29, 1997 motion docket</u>, and defendants' motion to reschedule is moot.

I. PLAINTIFF'S MOTION TO EXCLUDE

By order entered August 29, 1997, this court granted plaintiff's motion to exclude defendants' report of disclosure of expert witnesses for failure to comply with Rule 26(a)(2)(B)[1] and

---

[1] Federal Rule of Civil Procedure 26(a)(2)(B) states, in relevant part: "[T]his disclosure [of expert witnesses] <u>shall</u>, with respect to a witness who is retained or specially employed to provide expert testimony in the case..., <u>be accompanied by a written report prepared and signed by the witness</u>." (Emphasis

orders of this court. Defendants' filed no response to plaintiff's motion, but filed a motion to reconsider on September 8, 1997. Following oral argument, this court, by order entered September 30, 1997, granted defendants additional time in which to have Ms. Patsy Bramlett[2] prepare and file a report pursuant to the Federal Rules of Civil Procedure. The deadline set for disclosure of such report was October 27, 1997.

Ms. Bramlett met with plaintiff on October 15, 1997, and again on October 24, 1997. Yet, Ms. Bramlett's report was not disclosed to plaintiff until November 14, 1997 — 18 days after this court ordered such report disclosed and only four days before the close of all discovery. Defendants' argument that plaintiff "refused to respond to [Ms. Bramlett's] inquiries and repeatedly contacted his attorneys by telephone" during the first of those evaluations is not entirely convincing. Indeed, that contention is belied by Ms. Bramlett's report, which reflects more nervousness than lack of cooperation. Even so, for whatever reason, it is clear from the record that Ms. Bramlett did not complete her face-to-face interview of plaintiff, a necessary component for the preparation of her written report of evaluation, until October 24, 1997, three days before her report was due. Although that report was not submitted within this court's deadline, it was prepared in a timely manner, given the late completion of plaintiff's interviews. This court is not inclined to bar Ms. Bramlett's testimony in such

---

supplied.)

[2] The court's August 29, 1997, order excluded the testimony of the following experts: Dr. Michael Hammer, Dr. Donald Garcia, Dr. Charles E. Ford, Ms. Patsy Bramlett, Dr. Mary House Kessler, Ms. Teresa Bockman, Ms. Pat Newberry (Gina French), Dr. Gordon J. Kirschbert, and Dr. Rodney Swillie. The court's subsequent order reconsidering that decision applied only to the testimony of Ms. Patsy Bramlett.

2

circumstances. Plaintiff's motion to exclude Ms. Bramlett's testimony is due to be denied. Discovery will be extended for an additional thirty (30) days from the date of this opinion and order, for the limited purpose of permitting plaintiff's counsel to depose Ms. Bramlett.

## II. PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

Defendants' served a subpoena duces tecum on each of plaintiff's counsel on November 13, 1997, ordering them to appear for depositions on November 17, 1997, and to produce "a copy of any contemporaneous notes or correspondence which pertain to any conversations between either Alton Simpson, Bradley Ryder, or Teresa Ryder and any employee or representative of [the defendants]." Depositions of opposing counsel are disfavored, and are appropriate only upon a showing that: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). The movant bears the burden of meeting that burden. Upon a review of the motions, briefs, and evidentiary submissions, this court finds that defendants have failed to do so. Accordingly, plaintiff's motion to quash is due to be granted, and the protective order is, therefore, moot.

For the foregoing reasons, the court concludes the plaintiff's pending motions are due to be **GRANTED**. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 24th day of December, 1997.

_____
United States District Judge